**Stewart BYERS, et ux., Plaintiffs,**

v.

**CITY OF RENO, et al., Defendants.**

**No. CV–R–84–141–ECR.**

United States District Court,
D. Nevada.

Feb. 19, 1986.

Lawrence J. Semenza, Reno, Nev., for plaintiffs.

Robert L. Van Wagoner, of Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for defendants City of Reno & Bradshaw.

Gary G. Bullis, Reno, Nev., for defendants Washoe County and Two Unknown Washoe Medical Center Employees.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The Amended complaint in this action asks for damages pursuant to 42 U.S.C. § 1983 and pendent State claims. Among the defendants are Washoe County, individual County Commissioners and "Two Unknown Washoe Medical Center Employees." At the time of the incidents about which the plaintiffs complain, the Washoe Medical Center was a County facility and the two unknown employees allegedly were employees of the County. Those two employees, according to the Amended Complaint, instigated a false arrest of plaintiff Stewart Byers by falsely reporting to the police that he had tampered with his wife's respiratory equipment while she was a patient at the Washoe Medical Center.

The attorney for Washoe County and the two unknown employees has moved for a protective order to prevent the plaintiffs' attorneys and those attorneys' employees or agents from interviewing the Director of Social Services at Washoe Medical Center or any other employees of the Medical Center. The moving papers argue that said Director or any other employee of the Medical Center may be named as a defendant herein. Thus, it is asserted, any interview could interfere with future attorney-client privilege. Nevada Supreme Court Rule 190 also is cited, for the principle that an attorney should "not in any way communicate upon the subject of controversy with a party represented by counsel...."

It is not necessary to rule on the attorney-client privilege argument, because the rules against an attorney communicating with an adverse party who is represented by counsel are applicable. In addition to Rule 190, the Code of Professional Responsibility of the American Bar Association provides standards of conduct by reason of its incorporation into Rule 4(h) of the Rules

of Practice of this United States District Court. Ethical Consideration (EC) 7–18 of the Code parallels Nevada Supreme Court Rule 190. The principle is reinforced by the Code's Disciplinary Rule (DR) 7–104(A), which reads: "A lawyer shall not communicate regarding a legal matter with an adverse party who the lawyer knows is represented in that matter by an attorney, unless the lawyer has been authorized to do so by that [party's] attorney...."

In the present posture of this case, the identities of the two Medical Center employees who are defendants remain unknown. It would seem appropriate that they be identified and named, either through formal discovery or informal cooperation by the defendants' attorney, before the plaintiffs' attorneys attempt any interviews of Medical Center employees. In that way, the spirit of Rule 90 and the Code of Professional Responsibility can be honored without thwarting the plaintiffs' right to obtain information through investigation.

IT IS, THEREFORE, HEREBY ORDERED that neither the plaintiffs' attorneys, nor any employee or agent thereof, may interview any employee of the Washoe Medical Center until the identities of the "Two Unknown Washoe Medical Center Employees" referred to in the Amended Complaint have been ascertained by the plaintiffs.